1  Karen L. Dunn (DC SBN 1002520; *pro hac vice*)
   William A. Isaacson (DC SBN 414788; *pro hac vice*)
2  PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
   2001 K Street NW
3  Washington, D.C. 20006-1047
   Telephone: (202) 223-7300
4  Facsimile: (202) 223-7420
   wisaacson@paulweiss.com
5  kdunn@paulweiss.com

6  Meredith R. Dearborn (SBN 268312)
   PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
7  943 Steiner St.
   San Francisco, CA 94117
8  Telephone: (202) 223-7300
   Facsimile: (202) 223-7420
9  mdearborn@paulweiss.com

*Counsel for Defendant*
Apple Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| JOHN PISTACCHIO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California Corporation,<br><br>Defendant. | CASE NO. 4:20-cv-07034-YGR<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS JOHN PISTACCHIO'S CLASS ACTION COMPLAINT**<br><br>Date: March 9, 2021<br>Time: 2:00 PM<br>Place: Courtroom 1, 4th Floor<br><br>The Honorable Yvonne Gonzalez Rogers |

Defendant Apple Inc. ("Apple") respectfully requests that this Court take judicial notice of Exhibit A to the Declaration of Meredith R. Dearborn in Support of Defendant's Motion to Dismiss and Request for Judicial Notice ("Dearborn Declaration") based on its incorporation-by reference into the Class Action Complaint (No. 4:20-cv-07034-YGR, Dkt. No. 1, the "Complaint").

## GROUNDS FOR JUDICIAL NOTICE

"The 'pleadings' include more than just the complaint." *Hicks* v. *PGA Tour, Inc.*, 897 F.3d 1109, 1117 (9th Cir. 2018). On a Rule 12(b)(6) motion, under the incorporation-by-reference doctrine, courts may "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Davis* v. *HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (alterations in original) (internal quotations marks omitted); *see also Hicks*, 897 F.3d at 1117. Courts may also consider a "document [that] forms the basis of the plaintiff's claim." *Khoja* v. *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

Exhibit A to the Dearborn Declaration is a true and correct copy of the App Store Review Guidelines ("Guidelines"). Both tests for application of the incorporation-by-reference doctrine of the Guidelines into the Complaint are met here.

First, Plaintiff repeatedly quotes or refers to the Guidelines in the Complaint, but does not attach them to his Complaint. *See, e.g.*, Complaint ¶¶ 48, 59, 79 & n.11, 83 n.12, 87 n.18, 89 n.19, 90 n.21, 118 n.31 (citing to the Guidelines in multiple footnotes); *id.* ¶ 82 ("Apple uses its Guidelines strategically to exclude rival subscription-based mobile gaming services."); *id.* ¶¶ 79, 83–90, 98, 101–02, 111, 113, 116–20, 145, 165–66, 191. The Guidelines are, thus, alleged in the Complaint and no party questions their authenticity. *See Davis*, 691 F.3d at 1160–61 (holding that district court properly considered disclosure documents); *Khoja*, 899 F.3d at 1004 (holding that district court properly considered blog post because the plaintiff did "more than merely mention it"); *Shrem* v. *Southwest Airlines Co.*, Case No. 15-cv-04567-HSG, 2016 WL 4170462, at *2 (N.D. Cal. Aug. 8, 2016) (taking judicial notice of Southwest's "Contract of Carriage.")

Second, Plaintiff explicitly bases several of his claims on the Guidelines. *See* Complaint ¶¶ 145, 165–66, 191 (explicitly basing Counts 1, 3, and 6 on the Guidelines). For this reason judicial notice of the Guidelines is also appropriate. *See Khoja*, 899 F.3d at 1004–05 (holding that district court properly considered market reports and Forbes web articles that formed basis of claims); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 813–14 (N.D. Cal. 2020) (taking judicial notice of Google's Terms of Service and Privacy Policy that formed basis of plaintiffs'

claims).

***

For the foregoing reasons, Apple respectfully requests that the Court take judicial notice of Exhibit A to the Dearborn Declaration.

Dated: December 17, 2020     Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: */s/ Karen L. Dunn*
KAREN L. DUNN (DC SBN 1002520; *pro hac vice*)
WILLIAM A. ISAACSON (DC SBN 414788; *pro hac vice*)
2001 K Street NW
Washington, D.C. 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
wisaacson@paulweiss.com
kdunn@paulweiss.com

MEREDITH R. DEARBORN (SBN 268312)
943 Steiner St.
San Francisco, CA 94117
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
mdearborn@paulweiss.com

*Counsel for Defendant Apple Inc.*